[Crim. No. 6915.   Second Dist., Div. Three.   Feb. 17, 1960.]

THE PEOPLE, Respondent, v. CLIFTON HILL ONSTAD et al., Defendants; GLEN A. SPAULDING, Appellant.

Glen A. Spaulding, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—In a nonjury trial, trial by jury having been duly waived, Glen A. Spaulding was found guilty of grand theft of an automobile, the property of one Demere. The court also found that the defendant had suffered a prior conviction of receiving stolen property and had served a term in state prison therefor as alleged in the information. Defendant made a motion for new trial which was denied; probation was denied and defendant was sentenced to state prison. He duly gave notice of appeal from the judgment and the order denying his motion for new trial in propria persona.

Defendant was represented at the preliminary and upon the trial by a deputy public defender. Under stipulation the cause was submitted to the court upon the evidence received at the preliminary and additional evidence received in the trial. Defendant requested appointment of counsel on the appeal; we read transcripts of the evidence received at the preliminary and upon the trial. The record disclosed no error or insufficiency of the evidence and it appearing that representation by counsel would be of no benefit to the defendant or the court, the request was denied. Defendant was notified and given time to file a brief. No brief has been filed.

There was evidence of the following facts. Demere parked his Cadillac on the street one evening and was accosted by one Onstad who asked him if he was the owner of the 1956 Cadillac, stating that he was interested in acquiring a 1955 Cadillac. Later on Demere parked the car on the street in front of his house, from which place it was stolen. It was recovered at a place called Poppet Flats, a resort area about 20 miles from Banning in Riverside County. The car had been stripped of its tires, hood, doors and many other parts. Two days after the theft, Onstad and Spaulding were seen working on the car at Poppet Flats. Spaulding was seen driving his Packard car with a trailer attached. In addition to the parts that had been taken, there were missing tools belonging to Demere which he had marked with red and white paint as a means of identification. Some of these tools were found in the possession of Spaulding, some in the possession of Onstad.

Defendant, testifying at the trial, admitted having dismantled the car and to having brought the parts back to Los Angeles in a trailer. His explanation of the occurrence was that a man named R. C. Hall had contacted him, claiming that he had taken the car away from his wife who was divorcing him and that he was desirous of dismantling it and selling the

parts; that Hall drove the car to Poppet Flats where he was met by defendant and Onstad in defendant's Packard car with the trailer. Defendant testified that he bought $60 worth of tools for $10 and Hall gave him $40 in cash which made $50 which Hall had agreed to pay him for helping him dismantle the car. Defendant had not seen Hall since and had been unable to locate him. Although defendant testified that he had not driven the car at any time, there was evidence that his fingerprints were found on the rear view mirror. Obviously, the trial court rejected defendant's explanation.

█▌ Through the deputy public defender, defendant made a motion for new trial in support of which affidavits of Orville Hunt, Arelious Green, defendant and the deputy public defender were filed. The affidavits of Hunt and Green were offered as newly discovered evidence. Green was the owner of a café on South Broadway and Hunt was his bartender. The affidavit of Hunt stated that on the morning when the car was stolen a man named Hall told him at the bar that he was taking a Cadillac car away from his wife who was divorcing him. He drove Hall to the location where the Cadillac was parked and Hall later drove the car to the café and later left; he saw Hall two days later when Hall stated he was going to Phoenix; he has not seen Hall since that time.

There was strong evidence of defendant's guilt. The trial was conducted without error. The affidavits filed in support of the motion for new trial were entirely inadequate as a showing of material evidence that could not have been discovered in the exercise of reasonable diligence. The motion was properly denied.

The judgment and order denying motion for new trial are affirmed.

Vallée, J., and Ford, J., concurred.